IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT HAYDEN SALAZAR                                                                  PLAINTIFF

v.                                Civil No. 2:23-CV-02125-PKH-MEF

JAIL ADMINISTRATOR JACOB SHOOK,
SERGEANT ABBY YARBROUGH,
CORRECTIONAL OFFICER DYLAN
ROSS, SERGEANT JOHN GRIFFITH,
SGT. JUSTICE CATO and KATHY ETZEL
(Clerk) (All of Johnson County Detention
Center)                                                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed his Complaint on October 17, 2023. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* ('IFP") application. (ECF No. 3). Plaintiff did so on November 1, 2023, and he was granted IFP status on November 7, 2023. (ECF Nos. 5, 6). On November 30, 2023, the Court entered an Order directing Plaintiff

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

to file an Amended Complaint to address deficiencies in his Complaint. (ECF No. 8). Plaintiff timely submitted his Amended Complaint on December 21, 2023. (ECF No. 9).

Plaintiff alleges that he was incarcerated in the Johnson County Detention Center ("JCDC") on April 13, 2023. (ECF No. 9 at 5). He alleges from that time until he filed his Amended Complaint, he was only permitted to "go outside 16 times, for 15 minutes apiece." (*Id*.). Plaintiff alleges he has had only a few hours of fresh air in eight months. (*Id*. at 6). He alleges this is done to "get into" the inmates' mental health, and he has also been sick "7 or 8 times" since his incarceration. (*Id*.). He further alleges there are two one-foot by one-foot skylights that an inmate cannot stand under due to the day room tables. (*Id*.). Plaintiff alleges there are up to 40 inmates in a pod, and 40 people cannot stand on a day room table at one time. (*Id*.). Plaintiff names all Defendants for this claim, but he does not state how each Defendant was involved in his denial of outside recreation.

Plaintiff proceeds against all Defendants in both their official and individual capacities. (*Id*.). Plaintiff seeks compensatory, punitive, and other damages. (*Id*. at 10). He asks that the federal government investigate Defendants Giffith and Shook. He further asks that the Defendants be suspended, and he receive $15,000 to cover his mental health costs, and a new "rec yard with games" be created. He would further like Defendant Etzel to be forced to retire. (*Id*.). He would also like $25,000 to be donated to a non-profit homeless center, and the county be forced to pay him for each day he was denied recreation. (*Id*.).

## II.   LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's individual capacity claim is subject to dismissal. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly

3

violated the plaintiff's federal constitutional rights.  Here, Plaintiff has not alleged a causal link between any of the Defendants and his individual capacity claim.  *See Martin*, 780 F.2d 1337 (even a pro se Plaintiff must allege specific facts sufficient to state a claim).

Construing Plaintiff's claim broadly, as we must, Plaintiff's allegation that he was essentially denied outside recreation for several months states an official capacity claim sufficient to survive screening.  Plaintiff does not, however, need to sue multiple JCDC Defendants for this official capacity conditions of confinement claim.  Plaintiff's official capacity claim against any JCDC Defendant is the equivalent of a claim against their employer.  A suit against a government officer in his or her official capacity is functionally equivalent to a suit against the employing governmental entity.  *See Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007).  Plaintiff has named Jail Administrator Jacob Shook as a Defendant, and he may bring his official capacity claim against him.  This claim should be dismissed as redundant against all other Defendants.  *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity, thus it is proper to dismiss redundant defendants.)

### IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's individual capacity claim against all Defendants be DISMISSED WITHOUT PREJUDICE.  It is further recommended that Plaintiff's official capacity claim be DISMISSED WITHOUT PREJUDICE as to all Defendants except Defendant Shook.

Referral Status: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of February 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE